UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Cause No.  1:18-cr-0039-TWP-TAB
                                    )
MATTHEW FRAZIER,                    )                        - 01
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

On June 9, 2022, the Court held a hearing on the Petitions for Warrant or Summons for

Offender Under Supervision filed on December 14, 2020, March 12, and June 22, 2021.

Defendant Frazier appeared in person with his appointed counsel Michael Donahoe.  The

government appeared by Kendra Klump, Assistant United States Attorney.  U. S. Parole and

Probation appeared by Officer Eric Fields.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

     1.      The Court advised Defendant Frazier of his rights and provided him with a copy

of the petition.  Defendant Frazier orally waived his right to a preliminary hearing.

     2.      After being placed under oath, Defendant Frazier admitted violation numbers 1, 2,

3, 4, 5, 6, 7, 8, and 9.  [Docket Nos. 63, 67, and 70.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation
Number**          **Nature of Noncompliance**

1               **"You shall reside in a residential reentry center for a term of up to 120
                days.  You shall abide by the rules and regulations of the facility."**

                Mr. Frazier received the following rule violations: On November 22,
                2020, a package of rolling papers was confiscated during a search of his
                person upon entry into the facility. On November 23, 2020, he was
                observed by facility staff as he lit a cigarette and then refused to give the
                cigarette as directed to the staff member. On December 7, 2020, Mr.
                Frazier was found on the resident floor unresponsive and foaming at the
                mouth. Correctional officers located what they believed to be a "joint" in
                his pocket. He was transported to Eskenazi Hospital for medical care. On
                December 8, 2020, upon his return to the facility, he was formally
                discharged from he facility for having been in possession of narcotics.

2               **"You shall not use or possess controlled substances prohibited by
                applicable state or federal law, unless authorized to do so by a valid
                prescription from a licensed medical practitioner."**

                On June 3, 2020, the offender submitted a urinalysis that yielded positive
                for cannabinoids.  When confronted, he admitted to smoking marijuana.
                On September 21, 2020, Mr. Frazier submitted a urinalysis that returned
                positive for cannabinoids. The test was sent off for confirmation and
                returned positive for cannabinoids. On October 6, 2020, the offender
                submitted a urinalysis that yielded positive for cocaine. The test was sent
                off for confirmation and returned positive for cocaine. In addition to the
                positive results, he also submitted diluted tests on May 21, May 28, and
                July 28, 2020.

3               **"You shall submit to testing to determine if you have used a prohibited
                substance   or   to   determine   compliance   with   substance   abuse
                treatment."**

                Mr. Frazier was enrolled in the urinalysis collection program on March 19,
                2020. This program requires participants to call the collection line daily
                and if the date and their color is on the recording they must report for a
                urinalysis. Mr. Frazier failed to report to scheduled tests on the following
                dates: April 28, June 10, July 15, 21, 28, August 12, 18, and 26, 2020.

2

4      **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."**

Mr. Frazier was enrolled in a substance abuse treatment program immediately following his release from imprisonment. An assessment was conducted by the treatment provider on April 1, 2020, which determined a need for two substance abuse treatment sessions monthly.  He began treatment services on April 7, 2020. He attended a session on April 16, 2020, but missed all sessions in May, June, July, and August 2020. Additionally, he missed one session in October 2020.

5      **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner."**

On February 18 and March 8, 2021, the offender submitted positive urinalysis' that yielded positive for cocaine. Those test results have been sent for further confirmation testing.

6      **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."**

Mr. Frazier is enrolled in treatment services through Take Back Control to address substance abuse concerns. He missed all treatment sessions during February 2021, despite the authorization of telephonic sessions having been a viable option.

7      **"You shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment. When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**

The offender's employment with Waffle House ended in January or February 2021. The offender failed to notify his probation officer of any change in his employment status.

8      **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner."**

On March 16, and 25, 2021, the offender submitted positive urinalysis' that yielded positive for cocaine. He also submitted a diluted urinalysis on January 26, 2021.

9           **"You must not commit another federal, state or local crime."**

On June 14, 2021, Mr. Frazier was arrested by Indianapolis Metropolitan Police Department and charged with the following: Carrying a Handgun without a License (misdemeanor); Resisting Law Enforcement (felony); Residential Entry (felony); Resisting Law Enforcement (misdemeanor); and Unlawful Possession of a Firearm by a Previously Convicted Domestic Batterer. This case is charged in Marion County Superior Court 28, under cause number 49D28-2106-F5-018523. This case is set for a pretrial conference on October 7, 2021, and a jury trial on October 20, 2021.

4.      The parties stipulated that:

(a)     The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is IV.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5.      The parties jointly recommended a sentence of fourteen (14) months to be served consecutively to the sentence issued under 49D28-2106-F5-018523, Marion County, Indiana with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of fourteen (14) months to be served consecutively to the sentence issued under 49D28-2106-F5-018523, Marion County, Indiana with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 6/13/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

5